UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JERIEL ALEXANDER, <br> SAPPHIRA ALEXANDER <br><br> Plaintiffs, <br><br> v. <br><br> U.S. POSTAL SERVICE, <br> OFFICE OF INSPECTOR GENERAL, <br> EAST HAVEN POLICE DEPARTMENT <br><br> Defendants. | : <br> : <br> : No. 3:19-CV-1295 (VLB) <br> : <br> : <br> : <br> : AUGUST 14, 2020 <br> : <br> : <br> : <br> : <br> : |

### SEVERANCE AND MOTION TO DISMISS [ECF No. 43]

As detailed below, the Court *sua sponte* severs the East Haven Police Department from this action, thereby mooting that Defendant's motion to dismiss. The severance of these claims is without prejudice: if Plaintiffs wish, they may file a separate complaint within 35 days of the date of this order. If they do so, they should name an entity with legal existence.

### A. Factual Background

In their complaint, Plaintiffs state that, on August 24, 2017, a United States Postal Service letter carrier attempted to deliver to Plaintiffs a piece of mail which required a signature. Plaintiff, Mr. Jeriel Alexander, was not home at the time. He states that the letter carrier forged Mr. Alexander's signature to a "legal doc." [ECF No. 11 (Am. Compl.) at 2]. Plaintiffs allege that, as a result of this forgery, their personal belongings were auctioned off. *Id.*

Plaintiffs state that they filed a complaint with the United States Postal Service Office of Inspector General's hotline. *Id.* In response, Plaintiffs received a reference number and were advised that their complaint was forwarded to United States Postal Service's Office of Consumer and Industry Contact. *Id.* Plaintiffs state that the Office of Inspector General did not follow their "online guidelines towards mail fraud." *Id.*

Plaintiffs also state that they went to the East Haven Police Department to file a report. *Id.* Plaintiffs state that an East Haven Police Officer changed Mr. Alexander's statement from "forgery on a legal doc a certified mail" to "forgery to signing a check." *Id.*

Plaintiffs claim signature forgery, negligence, mail fraud, theft, and obstruction of justice by the United States Postal Service, as well as breach of duty of care, negligence, and obstruction of justice against the Office of the Inspector General. *Id.* at 3. Plaintiffs claim "Obstruction of a Federal Investigation, Preparing a False Report, Falsifying a Report, and Obstruction of Justice" against the East Haven Police Department. [ECF No. 11 (Amended Compl.) at 2-3]. Plaintiffs claim separate compensatory damages against each defendant. *Id.* at 4.

**B. Severance**

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party" Fed. R. Civ. P. 21. In deciding whether to sever a claim under Rule 21, courts consider five factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (quoting *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 214 F.R.D. 152, 154–55 (S.D.N.Y.2003)).  The decision to sever is "is committed to the sound discretion of the trial court." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263 (D. Conn. 2012) (quoting *Greystone Cmty. Reinv. Ass'n v. Berean Capital, Inc.*, 638 F.Supp.2d 278, 293 (D.Conn.2009)).

After considering each factor in turn, the Court finds that the East Haven Police Department should be severed from this case.

As to the question of the same transaction or occurrence: Plaintiffs state claims against two separate sets of defendants, and the claims against each set arise out of two different transactions or occurrences.  Plaintiffs state claims against the federal defendants, the U.S. Postal Service and the Office of the Inspector General for the United States Postal Service, and the East Haven Police Department. [Dkt. 11 (Amended Compl.)]. Plaintiffs' claims against the federal Defendants are based on the U.S. Postal Service letter carrier's alleged forgery and the federal Defendants' failure to respond to Plaintiff's complaint about that letter carrier. *Id.* at 2-3. By contrast, Plaintiffs' claims against the East Haven Police Department are based only on the East Heaven Police Department's changing of Mr. Alexander's statement about the U.S. Postal Service incident. *Id.* at 2-3. Also, Plaintiffs claim separate damages against the separate Defendants: Plaintiffs claim

compensatory damages for property loss and emotional distress against the federal Defendants, but only compensatory damages for emotional distress against the East Haven Police Department. *Id.* at 4. Thus, although Plaintiffs complained about the same underlying letter carrier incident to both the federal Defendants and the East Haven Police Department, their claims in this Court against the East Haven Police Department do not depend on the facts of that incident, but rather on the facts of the East Haven Police Department's *response* to Plaintiffs' complaint to the East Haven Police Department about that incident.

Next, as to the question of common issues of law or fact: As stated in the last paragraph, the factual basis for Plaintiffs' claims against the East Haven Police Department is separate from the factual basis for Plaintiffs' claims against the federal Defendants. Even beyond the application to different facts, the questions of law are also different, since the Plaintiffs bring different legal claims against each, the defendants are each subject to suit under different statutes, and they are each protected by different immunity doctrines.

Addressing the third and fifth factors: because Plaintiff's claims against the East Haven Police Department rely on different facts and different law and seek different relief, different witnesses and different documentary proof will be needed for each claim, and so severance, rather than joinder, facilitates settlement and judicial economy.

Finally, severance avoids prejudice to the Plaintiffs because severing the trials avoids confusing the jury. "Severance is appropriate where a joint trial could lead to confusion of the jury." *Costello*, 888 F.Supp.2d at 265. Here, joinder may

lead to confusion since Plaintiffs' claims against the East Haven Police Department are based on the Department's response to a separate incident which is the subject of Plaintiff's claims against the federal Defendants.

Therefore, pursuant to Rule 21, the Court severs the East Haven Police Department from the action. Fed. R. Civ. P. 21. This case will only proceed as to the claims against the federal Defendants, the U.S. Postal Service and the Office of the Inspector General.

Plaintiffs may file a separate complaint against the East Haven Police Department within 35 days. Under Rule 21, a party may only be dropped from an action "on just terms." When a court "severs" a claim against a defendant under Fed.R.Civ.P. 21, the suit simply continues against the defendant in another guise. *White v. ABCO Eng'g Corp.,* 199 F.3d 140, 145 n. 6 (3d Cir.1999). The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period and is timely re-filed. *See In re Palermo,* No. 08 CV 7421 RPP, 2011 WL 446209, at *8 (S.D.N.Y. Feb. 7, 2011) (citing *Briggs v. GEICO General Insurance Co.,* No. 06 Civ. 0055, 2006 WL 1897210 (D.Colo. July 10, 2006); *DirecTV, Inc. v. Leto,* 467 F.3d 842, 844–45 (3d Cir.2006).

C. Naming of East Haven Police Department as Defendant

The East Haven Police Department moves to dismiss on the grounds that it is not a legal entity which can be sued. [ECF No. 43]. Plaintiffs oppose on the grounds that they have brought legal claims. [ECF No. 45]. The motion to dismiss is mooted by the Court's severance of the action, but the Court agrees with the

East Haven Police Department that, if the Plaintiffs file a separate complaint, Plaintiffs should name as a defendant a legally existent entity.

Under Federal Rule of Civil Procedure 17(b)(3), for parties other than individuals and corporations, "[c]apacity to sue or be sued is determined… by the law of the state where the court is located." In Connecticut, "[i]t is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue…. Not having a legal existence, [the purported plaintiff] can neither sue nor be sued." *Isaac v. Mount Sinai Hosp.*, 490 A.2d 1024, 1026 (Conn. App. 1985).

Relevant to the present case, "[t]he Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the *municipality* they serve, or providing that they have the capacity to sue or be sued. See *Weitz v. Greenwich Police Dept.*, 38 Conn. L. Rptr. 512, Superior Court Judicial District of Stamford/Norwalk at Stamford, Docket No. CV04-0200464S (Jan. 10, 2005, Jennings, J.); *see Rose v. City of Waterbury*, No. 3:12CV291 VLB, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013). Instead, it is the municipality—the town—that has the capacity to sue or be sued. *Id.*

In response, the Plaintiffs argue that they have stated a claim because they have alleged that East Haven Police Department officers, acting within the scope of their employment, broke federal laws. *See* [ECF No. 45]. But Federal Rule of Civil Procedure 17 clarifies that a lawsuit cannot be brought against any person or any entity: it must be brought against someone or something that is *capable* of being

6

sued, something that has legal existence. Another way to think about it is that to bring a lawsuit against someone or something, a plaintiff must sue that person or thing under its legal name: so here, the Plaintiff cannot sue the East Haven Police Department, which does not have legal existence, and would instead need to sue the municipality of which it is a part, the Town of East Haven, or a particular officer.

Therefore, if the Plaintiffs file a second Complaint, Plaintiffs may not bring the action against the East Haven Police Department but must instead name an entity with legal existence. If Plaintiffs name a defendant other than East Haven Police Department, they should consider whether their new Complaint will relate back to the date of the original complaint in this case. *See* Fed. R. Civ. P. 15©.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: August 14, 2020